UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| YOON JA KIM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 12 C 9108 |
| | ) | |
| RUSSELL CARL HOSENEY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on Defendant Russell Hoseney's ("Hoseney") motion to dismiss pursuant to Federal Rules of Civil Procedure 8, 9(b), 10(a) and 12(b)(6). For the reasons set forth below, the motion is granted.

## BACKGROUND

On October 26, 1999, the United States Patent and Trademark Office issued U.S. Patent No. RE 36,355 (hereinafter "355 patent") to the Plaintiff Yoon Kim ("Kim"). The 355 patent detailed the composition for a potassium bromate replacer, which is commonly used as an oxidizing agent for bread dough.

After the patent was issued, Kim filed three separate lawsuits alleging patent infringement. The first suit was brought in March 2001, against Dawn Food Products Inc. ("Dawn"). *Kim v. Dawn Food Products, Inc.*, No. 01 C 1906 (N.D. Ill. 2004). Then in April 2001, Kim sued ConAgra Foods, Inc. ("ConAgra"). *Kim v. ConAgra*

*Foods Inc.*, No. 01 C 2467 (N.D. Ill. 2005). Finally in April 2003, Kim sued the Earthgrains, Co. ("Earthgrains"). *Kim v. Earthgrains Co.*, No. 01 C 3895 (N.D. Ill. 2002).

ConAgra and Earthgrains both retained Hoseney separately as an expert in their respective lawsuits brought by Kim. During the course of the ConAgra and Earthgrains litigation, Hoseney expressed his opinion that the 355 patent was not valid. Kim alleges that Hoseney fraudulently misrepresented the information he provided to the court through his testimony and declarations.

In Kim's suit against Dawn, the court granted summary judgment in Dawn's favor, finding that Dawn's bread products did not incorporate ingredients within the ranges protected by the 355 patent. *Kim v. Dawn Food Products, Inc.*, 2004 WL 2658068 (N.D. Ill. Oct. 13, 2004). In the ConAgra litigation, a jury trial resulted in an award of $490,000 for Kim. However following the verdict, on April 28, 2005, the court vacated the jury's finding of patent infringement and granted ConAgra's motion for judgment as a matter of law. *Kim v. ConAgra Foods, Inc.*, 2005 WL 1311597 (N.D. Ill. Apr. 28, 2005). On February 4, 2011, Earthgrains was granted summary judgment. *See Kim v. Earthgrains Co.*, 766 F.Supp.2d 866 (N.D. Ill. 2011). Kim appealed the Earthgrains ruling to the United States Court of Appeals for the Federal Circuit, which on January 24, 2012 affirmed the district court's ruling. *Kim v. Earthgrains*, 60 Fed.Appx. 270 (Fed. Cir. 2006).

On September 10, 2012, Kim filed a two-count complaint against Hoseney in Illinois state court. In Count I, Kim alleges that Hoseney committed perjury, fraud and intentional misrepresentation in violation of several Illinois fraud statutes. Additionally in Count II, Kim seeks to impose liability on the attorneys that represented Dawn, ConArga and Earthgrains for their alleged breach of Illinois Supreme Court Rules of Professional Conduct. On November 13, 2012, Hoseney removed Kim's lawsuit to federal court on the basis of diversity jurisdiction.

**LEGAL STANDARD**

A Rule 12(b)(6) motion to dismiss is used to test the legal sufficiency of a complaint. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). When reviewing a motion to dismiss, the court accepts as true all the factual allegations pled in the complaint and draws all reasonable inferences in favor of the nonmoving party. *Id*. A complaint must contain "a 'short and plain statement of the claim showing that the pleader is entitled to relief,' sufficient to provide the defendant with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (quoting Fed.R.Civ.P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Additionally, the allegations in the complaint must "actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above a speculative level." *Tamayo*, 526 F.3d at 1084 (emphasis in original). A plaintiff may plead himself out of court by alleging facts

showing that he has no legal claim. *See Peterson v. McGladrey & Pullen, LLP*, 676 F.3d 594, 600 (7th Cir. 2012); *Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011).

## DISCUSSION

**Count I**

Kim claims that Hoseney, acting as an expert witness, submitted testimony, reports and declarations which fraudulently misrepresented material facts which ultimately led to the defeat of Kim's patent infringement claims. Hoseney argues that his testimony was absolutely privileged because it was given during the course of a judicial proceeding. *MacGregor v. Rutberg*. 478 F.3d 790, 791 (7th Cir. 2007); *Jurgensen v. Haslinger*, 692 N.E.2d 347, 349-50 (Ill.App.Ct. 1998). A witness's statements cannot be used as the basis for a suit against him, no matter how reckless or dishonest the testimony. *MacGregor*, 478 F.3d at 791. Illinois law clearly indicates that "[a]nything said or written in a legal proceeding, including pleadings, is protected by an absolute privilege against defamation actions, subject to the qualifications that the words be relevant or pertinent to the matters in controversy." *Defend v. Lascelles*, 500 N.E.2d 712, 714 (Ill.App.Ct. 1986).

Illinois has carved out a narrow exception to the privilege of communications given during the course of a judicial proceeding. *See MacGregor*, 478 F.3d at 791. Testimony that is unarguably irrelevant to the case in which it was provided is not privileged and therefore can serve as the basis for a cause of action against the

declarant. *See Id*. Relevance is a question of law which must be construed liberally. *Defend*, 500 N.E.2d at 715. The absolute privilege applies as long as the material in the pleading "bears some reasonable relation to the judicial proceeding, irrespective of whether it is false and malicious." *Id*. at 716.

In this case, Kim alleges that Hoseney provided declarations which supported the litigation positions of ConAgra and Earthgrains. Additionally, Kim contends that Hoseney committed perjury during his testimony in the ConAgra trial in October 2004. Kim admits that the statements Hoseney made, pursuant to his capacity as an expert, were relevant to the contested factual issues in both the ConAgra and Earthgrains cases, because she alleges that his false statements negatively influenced her case. The Court finds that Hoseney's statements were made during the course of a judicial proceeding and were directly related to the issues in controversy. Therefore, Hoseney's statements are absolutely privileged against a claim of fraud or intentional misrepresentation. Accordingly, Hoseney's motion to dismiss Count I is granted.

**Count II**

Kim alleges that Dawn's, ConAgra's and Earthgrains's patent attorneys intentionally misrepresented facts and submitted fraudulent evidence in violation of Illinois Supreme Court Rules of Professional Conduct Rule 1.6. Initially "the [Illinois] rules of legal ethics do not establish a separate duty or cause of action" and "are not an independent font of tort liability." *Nagy v. Beckley*, 578 N.E.2d 1134, 1136 (Ill.App.Ct.

1991); *see Scheib v. Grant*, 22 F.3d 149, 156 (7th Cir. 1994) (noting that "there is no professional responsibility tort in Illinois") (internal quotation marks and citation omitted). Furthermore, Kim has not included the names of the attorneys in the case caption or included their names in her brief. Federal Rule of Civil Procedure 10(a) specifies that the "title of the complaint must name all parties." Kim's complaint exclusively names Hoseney without including the names of the attorneys she seeks to bring suit against. Therefore, the attorneys have not been properly added as a party to this action. *See Moran v. Commanding General of U.S. Army Fin. Ctr.*, 360 F.2d 920, 922 (7th Cir. 1966); *cf. Ferdik v. Bonzelet*, 963 F.2d 1258, 1261-62 (9th Cir. 1992) (dismissal of pro se plaintiff's complaint for repeated failures to properly caption parties was not an abuse of discretion). Count II is accordingly dismissed.

## CONCLUSION

For the aforementioned reasons, the Court grants Hoseney's motion to dismiss.

_____
Charles P. Kocoras
United States District Judge

Dated:   February 7, 2013